E-FILED
Wednesday, 02 August, 2006  11:09:59 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 04-10038 |
| | ) | |
| JERROD J. ZILCH, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
AUG - 1 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**PRELIMINARY ORDER OF FORFEITURE**

THIS MATTER coming on for hearing on the government's motion for entry of a Preliminary Order of Forfeiture upon Defendant JERROD J. ZILCH's plea of guilty and pursuant to 21 U.S.C. §853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the Court finds as follows:

1.    The Indictment in the above described cause sought the forfeiture of certain property of defendant, JERROD J. ZILCH, namely: a parcel of real estate commonly known as 1501 Highland Avenue, Pekin, Illinois, and all improvements and appurtenances thereon, which is legally described as:

> Lot Twenty-three (23) in Mineral Springs Addition No. 3 in the City of Pekin, Tazewell County, Illinois.

The Indictment alleged that said property of the defendant is property involved in drug transactions in violation of Title 21 U.S.C. §§846 and 841(a)(1), and pursuant to 21 U.S.C. §853 is forfeited to the United States of America.

2.    The United States also sought the forfeiture of at least $1,000,000.00 in that such sum in aggregate is the amount of money involved in the defendant's illegal activity

or represents the proceeds of such illegal activity. Moreover and in the event that said sum could not be located, the United States sought the entry of a monetary judgment against the defendant in said amount.

3.  The Indictment also provided for the forfeiture of substitute assets pursuant to 21 U.S.C. §853(p)(2) in the event that said property could not be located as a result of any act or omission on the part of the defendant.

4.  On October 14, 2005, the defendant, JERROD J. ZILCH, entered a plea of guilty pursuant to a plea agreement to Count 1 (Conspiracy to Distribute Cocaine and Conspiracy to Distribute Marijuana) as alleged in Count 1 of the indictment. Pursuant to his plea agreement, the defendant, JERROD J. ZILCH, agreed to the forfeiture of the property identified in Count 2 of the Indictment.

Accordingly, it is hereby ordered, adjudged and decreed:

A.  All right, title and interest in and to the real estate located at 1501 Highland, Pekin, Illinois, legally described as Lot Twenty-three (23) in Mineral Springs Addition No. 3 in the City of Pekin, Tazewell County, Illinois, is hereby forfeited to the United States of America and the United States Marshal is hereby authorized to seize said property for disposition in accordance with law subject to the provisions of 21 U.S.C. § 853(n)(1).

B.     The above mentioned property is to be held by the United States Marshal's Service, Central District of Illinois, until further order of this court.

C.     A money judgment in the amount of $1,000,000.00 is hereby entered against the defendant and in favor of the United States;

D.     Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish at least once a week for three successive weeks in a newspaper of general circulation, notice of this order, notice of the United States Marshal's intent to dispose of the property in such a manner as the Attorney General may direct and notice that any person, other than the defendant, JERROD J. ZILCH, having or claiming a legal interest in the above, must file a petition with this court within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier.

This notice shall state that the petition is for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of this Order, as a substitute for published notice as to those persons notified.

E.      Upon adjudication of all third-party interest, this Court will enter a Final

Order of Forfeiture pursuant to 21 U.S.C. § 853(n)(1).

ENTER: _august 1_____, 2006.

                                         _____
                                              s/Michael M. Mihm
                                         U.S. District Judge Michael M. Mihm

4