UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-10038 |
| ) | |
| JERROD J. ZILCH, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

This matter is now before the Court on the Government's Motion for Default and Entry of Summary Judgment. For the reasons set forth below, the Motion for Default and Entry of Summary Judgment [#54] is GRANTED.

### PROCEDURAL BACKGROUND

Forfeiture proceedings are governed, in part, by 21 U.S.C. § 881(b), the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Pursuant to Rule C(6)(a)(i)(A) of the Supplemental Rules:

> [A] person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right . . . within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4).

The verified claim states the claimant's interest in the property, by virtue of which the claimant demands restitution and the right to defend the action. United States v. United States Currency in the amount of $2,857.00, 754 F.2d 208, 212-13 (7th Cir. 1984). If the procedural requirements of Rule C(6)(a)(i)(A) are not met, the claimant lacks standing to

defend and contest the forfeiture.  Id.; United States v Commodity Account No. 549 54930 at Saul Stone & Company, 219 F.3d 595, 598 (7th Cir. 2000) (noting that strict compliance with the rules is required to establish standing).

Here, Joseph J. Zilch filed his verified Notice of Third Party interest claiming a legal interest in the house and improvements located at 1501 Highland Aenue, Pekin, Illinois, the 1961 Chevrolet Corvette, VIN # 108B7S110457, the 1995 Chevrolet Flatbed Pickup Truck, VIN # 1GBJC34F8SE230018, and the 1996 Kenworth Semi-Tractor, VIN # 1XKWDB9X7TJ726953. Despite being directed to do so, claimant Joseph Zilch has neither entered the appearance of retained counsel nor entered his appearance pro se. Mary Jo Roman sent a verified Petition to Adjudicate Property claiming a legal interest in the 1961 Chevrolet Corvette, VIN # 108B7S110457, which vehicle has yet to be located.  Mary Jo Roman subsequently entered her appearance pro se.  No additional third party claims were filed against the remaining property and the date for filing such claims has long since expired.

The Government has now filed its Motion for Entry of Default and Summary Judgment.  Joseph Zilch has not responded to the Motion, and the time for doing so has expired.  Mary Jo Roman responded, advising that she did not object to the portion of the Government's Motion related to her claim to the Chevy Corvette sought to be forfeited.  Accordingly, the Court deems the Motion to be unopposed, and this Order follows.

## FACTUAL BACKGROUND

On May 21, 2004, Jerrod J. Zilch was indicted by a federal grand jury for the Central District of Illinois.  He was charged with conspiracy to distribute cocaine and

marijuana starting in about 1995 and continuing to his indictment date, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

The Indictment sought the forfeiture of certain property of Jerrod Zilch, namely: (a) a parcel of real estate commonly known as 1501 Highland Avenue, Pekin, Illinois, and all improvements and appurtenances thereon. The real estate is legally described as, Lot Twenty-three (23) in Mineral Springs Addition No. 3 in the City of Pekin, Tazwell County, Illinois; (b) $1,000,000.00 representing a sum which was involved in, traceable to, or proceeds of Jerrod J. Zilch's illegal drug trafficking; and (c) for substitute assets in the event some act or omission on the part of Jerrod J. Zilch affected the location, availability, or value of the property sought to be forfeited.

On October 14, 2005, Jerrod J. Zilch pled guilty to the Indictment pursuant to a written plea agreement in which, (a) he agreed to forfeit to the government all his right, title and interest to the property sought to be forfeited; (b) admitted he had been involved in distributing cocaine, marijuana, and methamphetamine in the Pekin, Illinois area since 1994 until May 2004, and (c) the property known as 1501 Highland Avenue, Pekin was used to store money, cocaine and marijuana during the period of time he was involved in the charged drug conspiracy.

On August 1, 2006, Jerrod J. Zilch was sentenced to 235 months imprisonment. His sentence included the forfeiture all his interest in the property located at 1501 Highland Avenue, Pekin, Illinois, and to at least $1,000,000.00 of illegal drug proceeds to the United States of America. A Preliminary Order of Forfeiture was entered that same day. The Order authorized the U. S. Marshals to seize the property at 1501 Highland Avenue for further disposition according to the provisions of 21 U.S.C. §

853(n)(1), which provides for procedures to notify and adjudicate any third party interests in criminally forfeited property. The Order also provided for a money judgment in the amount of $1,000,000.00 against Jerrod J. Zilch in favor of the United States of America in the event said sum could not be located for forfeiture.

The government subsequently asked the Court to amend the Preliminary Order of Forfeiture to include certain property of Jerrod J. Zilch as substitute assets to be applied to the money judgment previously entered against him, namely, a1961 Chevrolet Corvette, VIN # 108B7S110457 automobile; a 1995 Chevrolet Flatbed Pickup Truck, VIN # 1GBJC34F8SE230018; a 1996 Kenworth Semi-Tractor, VIN # 1XKWDB9X7TJ726953, a 1981 Chevrolet Pickup Truck, VIN # 1GCEK14H3BJ115192, a 2000 Skidoo GT Snow Mobile, VIN # 2BPS16483YV000304, a 2000 Seadoo GT Millennium Jet Ski, VIN # ZZN37253D101, and a 2000 Lincoln Navigator, VIN # 5LMPU28A2YLJ11857.

The Court entered an Amended Preliminary Order of Forfeiture and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21 United States Code, Section 853(p) ordered forfeiture of the afore-described properties as substitute assets to be applied to the unavailable $1,000,000.00 illegal proceeds. The Amended Order directed the United States Marshals to seize and retain the property for further proceedings in accordance with Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n). The Order directed the government to commence proceedings to notify and adjudicate any third party interest in the property.

The government commenced proceedings consistent with the Court's directions and with the statutory requirements concerning ancillary hearings and third parties.

Specifically, the government published notice of forfeiture in newspapers of general circulation. The government also sent direct written notice to all persons the government knew to have an alleged interest in the property subject to forfeiture.

**DISCUSSION**

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986).  The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case."  Id. at 2553. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986).  Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex Corp., 106 S.Ct. at 2553.  This Court must then determine whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably

resolved in favor of either party.  Anderson, 106 S.Ct. at 2511; Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

In order to adjudicate his/her interest in a property forfeited to the government, a third-party must: (1) have a legal right, title, or interest in the property, which was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property, or (2) prove that he/she is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture by a criminal defendant.  Here, the Government concedes that Joseph Zilch was a bona fide purchaser for value with respect to one-half interest in the real estate at 1501 Highland Avenue, Pekin, Illinois, and the 1995 Chevrolet Flatbed Pick-Up Truck, VIN # 1GBJC34F8SE230018, and at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture.  The Government has also conceded that Mary Jo Roman has a one-half interest in the 1961 Chevrolet Corvette, which was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property.

Joseph Zilch's claims to the remaining property are contested, as he either gave his right, title, or interest in the property to his children or had no legal right, title, or interest in the property at all.  By failing to respond to these assertions of fact, Joseph Zilch is deemed to have admitted the assertions of fact contained in the Government's motion.  Accordingly, the Court finds that Joseph Zilch is in default for his failure to file a response to the Government's Motion for Summary Judgment, and he has thereby conceded his lack of any right, title, or interest in the remaining property.

## CONCLUSION

For the reasons set forth above, no material fact remains in dispute with respect to the claims of ownership of the properties sought to be forfeited by the Government as substitute assets, and the Government's Motion for Entry of Default and Summary Judgment [#50] is GRANTED.  All other pending motions are moot.

It is therefore Ordered that one-half interest in the following properties is hereby vested in the United States and said properties are hereby forfeited as substitute assets subject to the third-party interests set forth below:

(1) A parcel of real estate located at 1501 Highland Avenue, Pekin, Illinois, legally described as Lot Twenty-three (23) in Mineral Springs Addition No. 3 in the City of Pekin, Tazewell, County, Illinois, and all improvements thereon, is vested one-half in the United States of America and one-half in Joseph Zilch, subject to a mortgage in favor of the Pekin Savings & Loan dated April 2, 2004;

(2) One 1961 Chevrolet Corvette, VIN # 108B7S110457 automobile is vested one-half in the United States of America and one-half in Mary Jo Ramon; and

(3) One 1995 Chevrolet Flatbed Pickup Truck, VIN # 1GBJC34F8SE230018 is vested one-half in the United States of America and one-half in Joseph Zilch.

The following properties are forfeited to the United States free and clear of any interest of any third parties:

(1) One 1996 Kenworth Semi-Tractor, VIN # 1XKWDB9X7TJ726953;

(2) One 1981 Chevrolet Pickup Truck, VIN # 1GCEK14H3BJ115192;

(3) One 2000 Skidoo GT Snow Mobile, VIN # 2BPS16483YV000304;

(4) One 2000 Seadoo GT Millennium Jet Ski, VIN # ZZN37253D101; and

(5) One 2000 Lincoln Navigator, VIN # 5LMPU28A2YLJ11857.

The U.S. Marshals Service is hereby authorized to seize and dispose of the foregoing properties in any manner authorized by law.

With respect to those properties in which the United States has a one-half interest, those properties shall be sold by the U.S. Marshals Service in accordance with law and the proceeds from the sale of said properties shall be divided equally between the United States and the claimant title holder. All costs associated with the disposal and sale of said properties shall be born equally by both parties.

One-half of the total rent collected by Joseph Zilch on the rental of the property at 1501 Highland Avenue, Pekin, Illinois, during the pendency of this forfeiture action shall be deducted from his share of the proceeds of the sale of said property and paid to the United States.

ENTERED this 1st day of December, 2009.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge