UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. 04-10038 |
| ) | |
| JERROD J. ZILCH,   ) | |
| ) | |
| Defendant.   ) | |

## ORDER

Now before the Court is Joseph Zilch's ("Zilch's") Motion to Stay Sale, Open Summary Judgment and for Specific Performance [#66], which the Court construes as a Motion to Vacate the Order of Default and Summary Judgment entered on December 1, 2009. For the reasons set forth below, Zilch's motion is DENIED.

## FACTUAL BACKGROUND

On May 21, 2004, Jerrod J. Zilch was indicted by a federal grand jury for the Central District of Illinois. He was charged with conspiracy to distribute cocaine and marijuana starting in about 1995 and continuing to his indictment date, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

The Indictment sought the forfeiture of certain property of Jerrod Zilch, namely: (a) a parcel of real estate commonly known as 1501 Highland Avenue, Pekin, Illinois, and all improvements and appurtenances thereon. The real estate is legally described as, Lot Twenty-three (23) in Mineral Springs Addition No. 3 in the City of Pekin, Tazwell County, Illinois; (b) $1,000,000.00 representing a sum which was involved in, traceable to, or proceeds of Jerrod J. Zilch's illegal drug trafficking; and (c) for substitute assets in the event some act or omission on the part of Jerrod J.

1

Zilch affected the location, availability, or value of the property sought to be forfeited.

On October 14, 2005, Jerrod J. Zilch pled guilty to the Indictment pursuant to a written plea agreement in which, (a) he agreed to forfeit to the government all his right, title and interest to the property sought to be forfeited; (b) admitted he had been involved in distributing cocaine, marijuana, and methamphetamine in the Pekin, Illinois area since 1994 until May 2004, and (c) the property known as 1501 Highland Avenue, Pekin was used to store money, cocaine and marijuana during the period of time he was involved in the charged drug conspiracy.

On August 1, 2006, Jerrod J. Zilch was sentenced to 235 months imprisonment. His sentence included the forfeiture all his interest in the property located at 1501 Highland Avenue, Pekin, Illinois, and to at least $1,000,000.00 of illegal drug proceeds to the United States of America. A Preliminary Order of Forfeiture was entered that same day. The Order authorized the U. S. Marshals to seize the property at 1501 Highland Avenue for further disposition according to the provisions of 21 U.S.C. § 853(n)(1), which provides for procedures to notify and adjudicate any third party interests in criminally forfeited property. The Order also provided for a money judgment in the amount of $1,000,000.00 against Jerrod J. Zilch in favor of the United States of America in the event said sum could not be located for forfeiture.

The government subsequently asked the Court to amend the Preliminary Order of Forfeiture to include certain property of Jerrod J. Zilch as substitute assets to be applied to the money judgment previously entered against him, namely, a 1961 Chevrolet Corvette, VIN # 108B7S110457 automobile; a 1995 Chevrolet Flatbed Pickup Truck, VIN # 1GBJC34F8SE230018; a 1996 Kenworth Semi-Tractor, VIN # 1XKWDB9X7TJ726953, a 1981 Chevrolet Pickup Truck, VIN # 1GCEK14H3BJ115192, a 2000 Skidoo GT Snow Mobile, VIN # 2BPS16483YV000304, a 2000

Seadoo GT Millennium Jet Ski, VIN # ZZN37253D101, and a 2000 Lincoln Navigator, VIN # 5LMPU28A2YLJ11857.

The Court entered an Amended Preliminary Order of Forfeiture and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21 United States Code, Section 853(p) ordered forfeiture of the afore-described properties as substitute assets to be applied to the unavailable $1,000,000.00 illegal proceeds. The Amended Order directed the United States Marshals to seize and retain the property for further proceedings in accordance with Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n). The Order directed the government to commence proceedings to notify and adjudicate any third party interest in the property.

The government commenced proceedings consistent with the Court's directions and with the statutory requirements concerning ancillary hearings and third parties. Specifically, the government published notice of forfeiture in newspapers of general circulation. The government also sent direct written notice to all persons the government knew to have an alleged interest in the property subject to forfeiture.

## PROCEDURAL BACKGROUND

Forfeiture proceedings are governed, in part, by 21 U.S.C. § 881(b), the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Pursuant to Rule C(6)(a)(i)(A) of the Supplemental Rules:

> [A] person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right . . . within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4).

The verified claim states the claimant's interest in the property, by virtue of which the claimant demands restitution and the right to defend the action. United States v. United States Currency in the amount of $2,857.00, 754 F.2d 208, 212-13 (7th Cir. 1984). If the procedural requirements of Rule C(6)(a)(i)(A) are not met, the claimant lacks standing to defend and contest the forfeiture. Id.; United States v Commodity Account No. 549 54930 at Saul Stone & Company, 219 F.3d 595, 598 (7th Cir. 2000) (noting that strict compliance with the rules is required to establish standing).

Here, Joseph J. Zilch filed his verified Notice of Third Party interest claiming a legal interest in the house and improvements located at 1501 Highland Avenue, Pekin, Illinois ("Pekin property"), the 1961 Chevrolet Corvette, the 1995 Chevrolet Flatbed Pickup Truck, and the 1996 Kenworth Semi-Tractor on November 29, 2006. On May 22, 2009, the Government filed its Motion for Entry of Default and Summary Judgment, to which Joseph Zilch had not responded within the required time. Mary Jo Roman responded, advised that she did not object to the portion of the government's Motion related to her claim to the 1961 Chevrolet Corvette sought to be forfeited. This Court deemed the Government's motion to be unopposed, and therefore granted its Motion for Entry of Default and Summary Judgment on December 1, 2009.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons including mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. Welliver v. Rice, 1995 WL 408202, at *2 (7th Cir. July 10, 1995) (*citing*

4

Dickerson v. Bd. of Educ. of Ford Heights, 32 F.3d 1114, 1116 (7th Cir. 1994)).  The party requesting Rule 60(b) relief must show: 1) good cause for the default, 2) quick action to correct the default, and 3) the existence of a meritorious defense.  Jones v. Phipps, 39 F.3d 158, 162 (7th Cir. 1994).  Furthermore, "'inadvertence' and 'excusable neglect' do not include the consequences of negligence or carelessness."  Welliver, 1995 WL 408202, at *2.

      Here, the Government filed its Motion for Summary Judgment on August 17, 2007, which requested a judgment in its favor as to a one-half interest in the Pekin property in which it agreed Zilch also had a one-half interest.  On July 31, 2008, during a phone hearing, the Court directed Zilch to enter his appearance pro se or have new counsel enter an appearance within 28 days.  On September 4, 2008, during a status conference by phone, the Court again discussed with Zilch and the other relevant claimants, whether he had obtained counsel and to notify the Court of counsel's appearance, or to proceed pro se.  On October 3, 2008, during the next status conference by phone, Zilch reported that he had hired an attorney and the attorney would be entering his appearance.  Zilch was to inform his counsel of the response deadline, November 10, 2008, for the summary judgment motion filed by the Government on August 17, 2007, and was to inform counsel to enter his appearance.  Zilch was mailed a copy of the October 3, 2008, hearing minutes.  Mary Jo Roman, Zilch's daughter, filed her response to the Government's Motion for Summary Judgment on November 7, 2008.

      On May 22, 2009, the Government filed its Motion for Default and for Entry of Summary Judgment, explaining the history of Zilch's involvement in the case, that Zilch had failed to respond to the Government's motion for summary judgment, and that Zilch was therefore in default so that summary judgment should be entered as requested.  The proceedings that

occurred between the time the Government filed its Motion for Summary Judgment, and the time the Court entered its Order granting the Government's Motion for Entry of Default and Summary Judgment, show that there is no reason why Zilch should be relieved from the default judgment. He has not shown good cause for the default, nor that he took quick action to correct the default. The docket shows that Zilch was adequately informed of the proceedings, what his responsibilities in the case were at all relevant times, and that he was given ample opportunity to comply with the Court's directives. The Government did not even move for entry of default against Zilch for his failure to respond to its motion for summary judgment until more than two years had passed from the time it originally moved for summary judgment.

Furthermore, the Court did not enter its Order granting the default until over six months had passed from the time the Government moved for the default against Zilch. Zilch's instant motion was filed more than three months after the default was entered. Clearly, he cannot establish that he took quick action to correct the default. Zilch does not even attempt to set forth the reasons for why the default should be set aside in the instant motion. It is therefore unnecessary to consider whether Zilch has a meritorious defense. Under these circumstances, the Court will not relieve Zilch from the default that was entered against him on December 2, 2009.

In his Motion to Stay Sale, Open Summary Judgment, and for Specific Performance, Zilch specifically states, among other things, that he was advised by a United States Marshal that she could not accept a bid from him, that he was led to believe he'd be given the opportunity to buy the Government's one-half interest, and that at no time did he request from the Government, or was offered by the Government, assistance with the expenses of the Pekin property. He finally states that the Government exceeded its lawful authority by excluding him from the sale

process and denying him an opportunity to purchase the Government's one-half interest. To the extent Zilch is arguing that the individual Assistant United States Attorneys and the United States Marshals involved in the sale of the Pekin property have failed to properly conduct it so that he suffered a constitutional violation, the Court is unable to provide relief at this time on that basis. Where the argument is that federal officials acting under color of federal law have violated a plaintiff's valid constitutional rights, the argument is more appropriately brought in a *Bivens* action against the federal officials.[1]  *See* <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971).

## CONCLUSION

For the reasons set forth above, Zilch's Motion to Stay Sale, Open Summary Judgment, and for Specific Performance [#66], construed by the Court as a Motion to Vacate the Order of Default and Summary Judgment entered on December 1, 2009, is DENIED.

ENTERED this 24th day of March, 2010.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge

---

[1] The Court does not express an opinion on how successful Zilch may be in the event he attempts to bring such an action.